UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re:<br><br>CORNERSTAR WINE & LIQUOR, LLC<br><br>Debtor. | Bankruptcy Case No. 19-12135 EEB<br><br>Chapter 7 |
| JEFFREY A. WEINMAN, chapter 7 trustee,<br><br>Plaintiff,<br><br>v.<br><br>PAULETTE DRAGUL,<br><br>Defendant. | Adversary Proceeding No. 21-01057 EEB |

**ORDER TO ATTORNEY WILLIAMS TO FILE A FORMAL MOTION TO WITHDRAW AS COUNSEL AND GRANTING DEFENDANT'S MOTION TO SET ASIDE SUMMARY JUDGMENT AND ORDER**

THIS MATTER is before the Court on Defendant's Motion to Set Aside Summary Judgment ("Motion")(Docket No. 26), the Notice filed by Attorney T. Edwards Williams ("Attorney Williams")(Docket No. 27), the Response filed by Attorney Aaron A. Garber ("Attorney Garber")(Docket No. 28), and Plaintiff's Response (Docket No. 29). Based on these submissions, the Court hereby FINDS and CONCLUDES:

Plaintiff is the chapter 7 trustee for the estate of Cornerstar Wine & Liquor, LLC (the "Debtor"). On March 19, 2021, Plaintiff filed this adversary proceeding to avoid and recover $26,500.00 in prepetition transfers made by the Debtor to the Defendant under 11 U.S.C. §§ 547, 548, and 550. The Defendant filed an untimely answer to the complaint without seeking leave of the Court. Plaintiff then served written discovery, including requests for admissions. The Defendant failed to respond to these, which led the Plaintiff to file a motion for summary judgment on this basis, seeking a declaration that the Defendant should be deemed to have admitted all material facts and that Plaintiff is entitled to judgment as a matter of law. Once again, the Defendant failed to respond. Consequently, the Court entered summary judgment in favor of the Plaintiff on February 17, 2022. It then closed the case on March 7, 2022. On April 4, 2022, the Defendant, through her new counsel Attorney Garber, filed the instant motion to set aside the judgment.

Attorney Garber argues grounds exist for relief from the judgment under Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(b)(1) and/or (6).  First, he argues that the Defendant's failures to respond were due to excusable neglect.  According to her former counsel Attorney Williams, Defendant is 84 years of age and is legally blind. Attorney Garber initially asserted that due to her condition and her former counsel's failure to inform her of the pending matters, she did not realize that she had deadlines to respond to in this matter.  Attorney Williams took great umbrage at this assertion, leading Attorney Garber to clarify that, in fact, Attorney Williams had communicated the deadlines and the need to respond to the Defendant's son. He had also told the son that he was terminating his limited appearance (although he never took steps to do so with the Court).  Whether the Defendant's son passed on Attorney Williams' message to the Defendant is unclear. But Attorney Garber asserts that the Defendant continued to believe that she was being represented in this matter by Attorney Williams until some time after the entry of the judgment.  He asks that her misunderstanding be excused under Rule 60(b).

### I.   LIMITED REPRESENTATION BEFORE THIS COURT

A lot of mistakes have been made in the limited history of this case.  Some of these are attributable to the fact that there have been no less than three sets of attorney appearances made on the Defendant's behalf.  Attorney Kelsey Jamie Buechler first entered an appearance after the Court issued its Order to Show Cause when the Defendant failed to file a timely answer and Plaintiff had not yet moved for a default judgment.  Docket No. 6.  On the same day, Attorney Williams entered a "limited appearance" on her behalf.  Docket No. 7.  Neither filing made clear why two separate attorneys were representing her.  Perhaps this was Attorney Williams way of obtaining local counsel because he practices in New York.

While he was still an attorney of record in this case, Attorney Buechler should have instructed Attorney Williams as to the fact that limited appearances are not permitted.  Local counsel cannot allow itself to be used as a mail-box drop.  One of the primary duties of local counsel is to inform out-of-state counsel of the requirements of the local rules of this Court.  It does not appear that Attorney Buechler performed any substantive role in this case until he formally moved to withdraw as counsel on June 15, 2021.  Docket No. 12.

More importantly, this Court should have immediately stricken Attorney Williams' "limited" appearance. Limited entries of appearance are not recognized nor permitted in this Court, with one exception.  This Court's local rules allow attorneys who represent debtors to limit the services they provide in certain narrowly defined situations.  L.B.R. 9010-1(c).  This "limited unbundling" rule, however, does not apply to an attorney who enters his appearance for a party in an adversary proceeding.

And once an attorney enters an appearance in a case or proceeding before this Court, he may only withdraw by filing a motion demonstrating good cause.  L.B.R. 9010-4(a).  Withdrawal is "only effective upon Court order after proper service of the motion and notice."  *Id.* Attorney Williams has never filed a motion to withdraw and he remains

one of Defendant's attorneys of record to this date.  Thus, despite his protestations to the contrary, the Defendant's failures to seek additional time to respond or to timely respond fall squarely on Attorney Williams' shoulders, as they occurred while he was the only remaining attorney of record for the Defendant.  His email correspondence to the Defendant's son does not absolve him of this responsibility.  Unless and until he obtains a court order permitting his withdrawal, he must continue to represent her.

## II.  RELIEF FROM JUDGMENT

In her motion to set aside the summary judgment, the Defendant argues that the Court should grant her relief from the judgment under Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(b)(1) and/or (6).  Rule 60(b) provides that

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect; . . .
>     or
> (6) any other reason that justifies relief.

Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances."  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).

In the unique circumstances of this case, the Court finds that relief is appropriate on the grounds of excusable neglect or mistake under Rule 61(b)(1).  The determination of whether a party's failure to act resulted from "excusable neglect," so as to merit relief under Rule 60(b)(1), "is at bottom an equitable one, taking account of all relevant circumstances surrounding the . . . omission."  *Pioneer Inv. Svcs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  The relevant circumstances include "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.  *Id*. Admittedly, "fault in the delay remains a very important factor – perhaps the most important factor – in determining whether neglect is excusable."  *Jennings v. Rivers*, 394 F.3d at 856.  And, as Plaintiff has argued, mere "[c]arelessness by a litigant *or his counsel* does not afford a basis for relief under Rule 60(b)(1)."  *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) (emphasis added).

On the other hand, the length of delay between entry of the judgment and Defendant's request for relief was relatively short in this case.  As such, granting relief would not cause substantial adverse impact on any proceedings.  Plaintiff had not yet undertaken collection activity.  Nor has he asserted that he will suffer any prejudice because of the loss of evidence or unavailability of witnesses if the Court vacates the judgment and the matter proceeds to trial. There is no indication that the Defendant has acted in bad faith.

3

The most important factor – fault in the delay – cuts in both directions.  On the one hand, Attorney Williams' neglect in this case is not a basis for a finding of excusable neglect.  On the other hand, the Court accepts the statement of Attorney Garber that the Defendant did not understand that she no longer had counsel to represent her.[1]  And most importantly, the Court finds that its own inaction in this case has contributed to this misunderstanding.  If it had timely acted on Attorney Williams' "limited representation" filing, this whole mess could have been avoided.  As such, relief on the grounds of excusable neglect is appropriate.

Accordingly, the Court, hereby ORDERS that:

1. The Clerk of the Court shall immediately reopen this adversary proceeding.

2. **Attorney Williams shall file a motion to withdraw as counsel within fourteen days of the date of this Order.**

3. Defendant's Motion to Set Aside Summary Judgment is GRANTED.

4. The order and judgment entered on February 17, 2022 are VACATED.

5. Plaintiff's Motion for Summary Judgment is DENIED.

6. Defendant shall respond to Plaintiff's requests for admission **on or before June 30, 2022.**

7. Parties may file dispositive motions **on or before October 3, 2022**.

DATED: this 31st day of May, 2022.

BY THE COURT:

*Elizabeth E. Brown*
Elizabeth E. Brown, Bankruptcy Judge

---

[1] Plaintiff is correct that the Court has not received any affidavit in support of Defendant's motion to substantiate this fact.  And statements of counsel are not evidence.  Ordinarily, this would cause the Court to set this matter for an evidentiary hearing.  But given the basis for its ruling in this matter, premised on the Court's own mistake, such a hearing would not change the result in this matter.